In the Matter of the Judicial Settlement of the Account of MARY HUBBELL POTTER and Another, as Executors, etc., of EDWARD WALDEN POTTER, Deceased, for the Acts and Doings of Said Decedent as One of the Executors, etc., of HARRIET EAMES POTTER, Deceased.— Motion for reargument denied; three separate motions for leave to appeal to the Court of Appeals granted and question for review certified. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. [See *ante*, p. 130.]

MILTON C. HEIGHTS, Respondent, v. GEORGIA HOME INSURANCE COMPANY, Appellant.— Motion for a reargument denied with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

MARY ALLEN, Respondent, v. JOHN C. ALLEN and Another, Appellants.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

JOSEPHINE DIVITA, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

In the Matter of WILLIAM H. BURR, an Attorney and Counselor at Law.— Order entered upon resignation and request striking name of attorney from roll of attorneys and counselors at law.

RICHARD F. McCARTHY, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 23260.) — Judgment affirmed, with costs. All concur, except Sears, P. J., and Crosby, J., who dissent and vote for reversal on the law on the ground that the plaintiff failed to establish his freedom from contributory negligence; Crosby, J., also on the further ground that the verdict is contrary to and against the weight of the evidence in finding the defendant guilty of negligence. (The judgment is for damages caused by an obstruction in the highway.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

FRANCES WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent. — Judgment reversed on the law, with costs, and verdict reinstated, with costs. Memorandum: The jury findings that the injuries caused to plaintiff were not the result of her own negligence but were solely due to defendant's negligence are sustained by a fair preponderance of the evidence. Plaintiff was within her rights in proceeding as she did in the theatre and under all the circumstances presented the jury determination that the dangerous situation was not reasonably foreseeable should not have been disturbed. (*Praia* v. *Allied Owners' Corp.*, 241 App. Div. 740; *Lang* v. *Stadium Purchasing Corp.*, 216 id. 558.) All concur. (The judgment was for defendant for injuries caused by falling into an unguarded orchestra pit.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

EDWARD WHITNEY, Appellant, v. LYRIC-ROCHESTER CORPORATION, Respondent.— Judgment reversed on the law, with costs, and verdict reinstated, with costs. (See memorandum in companion case, *Whitney* v. *Lyric-Rochester Corporation, ante*, p. 887.) (The judgment was for defendant in an action to recover for loss of services of plaintiff's wife because of injuries received by falling into an unguarded orchestra pit.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.